## THE STATE OF CONNECTICUT *vs.* JOHN RIVERS.

First Judicial District, Hartford, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Upon a prosecution for carnal knowledge and abuse of a girl under sixteen, her previous unchastity, or the fact that she consented, is not material.

The complainant, in such a prosecution, testified in chief that when she was solicited by the accused she told him that she had never done such a thing with any one and wouldn't go with him. *Held:*—

1. That on cross-examination the accused was entitled, as matter of

right, to test the credibility of the witness, and for that purpose only, to inquire as to previous acts of unchastity on her part and as to what she had said respecting them in the preliminary hearing; also to inquire as to why she had made different statements as to her age, after it appeared that she had in fact made such statements.

2. That the accused was entitled to show that the complainant had made statements out of court which were inconsistent with the story told by her on the witness-stand.

3. That evidence offered in defense, of the unchastity of the complainant since the alleged assault, was properly excluded.

In cases of this character, where the principal and, it may be, the only evidence of the commission of the alleged crime comes from the complainant, courts should allow a broad latitude in cross-examination, and may in their discretion permit inquiries as to particular acts of immorality and unchastity before and after the assault in question, which tend to show that such witness is unreliable and unworthy of credit. The extent of such inquiry is, however, largely a matter of discretion, and the exclusion of questions in the exercise of that discretion is rarely a sufficient cause for granting a new trial.

Argued October 12th—decided December 17th, 1909.

INFORMATION for carnally knowing and abusing a female child under the age of sixteen years, brought to the Superior Court in Hartford County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

*Benedict M. Holden,* for the appellant (the accused).

*Hugh M. Alcorn,* State's Attorney, for the appellee (the State).

HALL, J. Upon the trial the State offered evidence to prove that on the evening of the 22d of November, 1908, the defendant took two young girls, Antoinette Got and Lucy Sullivan, to his apartments in the city of Hartford, where they remained with him until about noon of the following day. Upon her direct examination Antoinette Got, as a witness for the State, in relating the circumstances

leading up to the assault upon her, and in answer to questions of what was said and what happened, testified as follows:—

"He (the defendant) asked me to go into the bedroom with him. I told him I would not. He says, 'Come on,' and I says, 'I never have been with anybody, and I won't go with you'; and he says, 'You may as well first as last.'"

Upon cross-examination this witness was asked these questions and gave these answers: "Q. You told Mr. Rivers that you had never done anything of that sort? A. Yes, I did. Q. Was that true? A. Yes."

Upon objection by the State's Attorney, the following questions asked of said witness upon cross-examination were excluded: "Q. I will now ask you, Antoinette, if over a year ago, you and this Kitty (Robinson) didn't sleep all night in the room and in the same bed with Victor Jenson? Q. I now ask you if you recollect this question (in the police court), and your answer thereto: 'You stayed all night in that man's room?' and your answer, 'Yes.' 'You slept on the floor?' and your answer, 'All three of us slept in the bed.' Q. Did you, during the past year and a half, have a picture taken in the nude, with a soda-water bottle in your hand, in this position (indicating)?"

A series of questions to show immoral and unchaste conduct of the witness Antoinette Got on several nights since the alleged assault were excluded by the court.

The testimony of Antoinette Got, above stated, that the defendant on the night of the alleged assault said to her, "Come into the bedroom," and that she replied "I won't do it," "I never went with anybody," and "I won't," having been read by counsel for the defendant to one of his witnesses, May Pease, who had testified that on the Monday night following the alleged assault she had a conversation with Antoinette Got in which Antoinette stated to her the facts concerning her staying all night in Rivers' room, said witness was asked this question which was

excluded: "Did she make any statement to you on Monday night which was contradictory to that statement I have just read to you, as having been made on the witness stand yesterday?" This question was excluded.

The mother of Antoinette testified that she was married in October, 1893. There was evidence that about a year before the trial, which was in March, 1909, she said Antoinette was sixteen years old. The finding states that it appeared that Antoinette had "given her age differently before the production of the record," which it did not appear she had ever seen. These questions were asked Antoinette on cross-examination:—

"Q. When did you first learn that you were fourteen years of age on your last birthday? A. When they got my record from New Britain. Q. Did Miss Gauthier tell you that you were fifteen years of age on your last birthday, and had been baptized by the late Bishop Tierney? A. That, is what I said. Q. And you changed it at the instance of Miss Gauthier (the probation officer to whose care Antoinette has been committed) didn't you?" This question was excluded. "Q. I want to ask you if you recollect having testified in the police court, in the trial of this case, that you were baptized in New Britain by the late Bishop Tierney, just before he was made a bishop?" This question was excluded.

Proof that Antoinette Got was unchaste either before or after the date of the alleged assault was no defense to this action, since the absence of her consent was not an element of the crime charged. But the fact that proof of her unchastity was inadmissible as a defense, did not necessarily render it inadmissible for other purposes. The crime charged was one of the gravest character. Its punishment may by statute be imprisonment in the State prison for thirty years. From the nature of the offense charged, the testimony of the female who claims to have been assaulted is generally the principal, and may be the

only, evidence that the crime has been committed. In a case of this character a broad latitude of cross-examination should be allowed the accused in order to test the veracity of such a witness. For that purpose, although the chastity of the complainant is not strictly in issue, courts may properly in such cases permit the accused to inquire on cross-examination as to particular acts of immorality and unchastity of the complainant either before or after the date of the alleged assault, which tend to show that such witness is unreliable and unworthy of credit. *Spiro* v. *Nitkin*, 72 Conn. 202, 205, 44 Atl. 13. The extent of such inquiries is, however, largely a matter of discretion, and their exclusion by the trial court in the exercise of that discretion is rarely considered a sufficient ground for granting a new trial.

But in the present case the right of the accused to cross-examine Antoinette Got as to the truth of her statements, upon her direct testimony, did not rest upon the discretion of the court. Upon her direct examination Antoinette testified that she told the accused that she had never been with anybody before, and that she wouldn't go with him. If her testimony that she made such a statement to the accused was wilfully false, the jury might well have hesitated to accept other parts of her testimony. If she had answered in the affirmative the inquiries on cross-examination regarding her unchaste acts previous to the night of the alleged assault, the jury might justly have thought it improbable that she made such a statement to the accused, and that her testimony that she did make that statement was wilfully false. A further reason why the cross-inquiries, as to her previous unchaste acts, should have been permitted, is that in testifying upon her direct examination that she made such statement to the accused, she in effect testified that she was in fact chaste previous to the time of the assault, and she evidently intended to have the jury so understand her.

There was error in excluding the cross-inquiries to Antoinette Got regarding particular acts of unchastity previous to the time of the alleged assault, and regarding her testimony of such acts in the police court.

The accused should also have been permitted to show, by questions in proper form, that Antoinette made to the witness May Pease statements regarding the occurrences of the night in question in conflict with those made by her in her direct testimony.

Evidence offered upon the defense, of the unchastity of Antoinette since the time of the alleged assault, was properly excluded.

If we correctly understand the finding, which is not entirely clear, Antoinette Got testified at the trial to her age, which was a material fact, and it appeared that she had previously made different statements regarding it. If this was so it was proper for counsel for the accused to ask her on cross-examination why she had stated her age at the trial as different from what she had before, and to ask her if she had changed it at the instance of Miss Gauthier, and also to inquire of her what she testified in the police court as to the time she was baptized.

There is error and a new trial is ordered.

In this opinion the other judges concurred.