STATE OF CONNECTICUT *v.* BRUNO FALVO.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.
Argued April 5—decided May 5, 1939.

*Edward Mascola,* with whom was *James E. McKnight,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* assistant state's attorney, for the appellee (the state).

PER CURIAM. The defendant in a trial to the court was found guilty of the crime of rape. At the conclusion of the state's case he moved for his discharge upon the ground that no evidence sufficient to convict him had been offered and includes among his reasons of appeal the denial of this motion; but such a ruling is not ground of error; *State* v. *Boucher,* 119 Conn. 436, 437, 177 Atl. 383; and there is no excuse for printing in

the record the long argument made by his counsel in support of the motion. The defendant caused a finding of facts to be made and assigns numerous errors based upon it; but he also claims as ground of appeal that the trial court could not upon all the evidence reasonably have found the defendant guilty and this is the basis of his argument before us. There is no reason to consider the claimed errors as to the finding; in the situation before us it would serve no other purpose than to show the conclusion of the court upon particular facts as to which the evidence was conflicting; *State* v. *Simborski,* 120 Conn. 624, 626, 182 Atl. 221; and the defendant makes no claim that by its finding the trial court resolved in his favor any question upon which the evidence was conflicting.

He does not dispute that he committed the act charged. While the evidence was conflicting upon the issue whether the complaining witness offered resistance, the credibility of that evidence was for the trial court; it no doubt weighed the considerations now advanced by the defendant as indicating the unreliability of her testimony; and we cannot hold that it could not reasonably reach the conclusion that all the necessary elements to constitute the crime of rape were proven. *State* v. *Shields,* 45 Conn. 256, 264; *State* v. *Esposito,* 122 Conn. 604, 609, 191 Atl. 341.

A question asked of the complaining witness on cross-examination as to an occurrence after the commission of the offense when she and three other young people were present, claimed to affect her credibility under the rule of *State* v. *Rivers,* 82 Conn. 454, 458, 74 Atl. 757, was excluded by the court. The inquiry related not to the conduct of the complainant but to that of another member of the party; and the trial court could properly exclude it in its discretion. The admission of the question asked by the state of the

defendant on cross-examination, that so far as he knew the complaining witness was a decent, respectable girl, could not be held harmful in view of the defendant's answer to it and to the following questions. The other rulings on evidence assigned as error were too clearly right to justify comment.

There is no error.