STATE OF NEBRASKA, APPELLEE, v. MARDEN MAYES, APPELLANT.

159 N. W. 2d 203

Filed May 24, 1968. No. 36710.

A. Q. Wolf, Lynn R. Carey, Jr., and Marden Mayes, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Defendant, after a jury trial, was convicted of uttering a forged instrument and sentenced to the Nebraska Penal and Correctional Complex. He has perfected an appeal to this court. His printed brief sets out two assignments of error: (1) The insufficiency of the evidence; and (2) the admission of certain alleged oral statements.

The sufficiency of the evidence is not argued in defendant's brief except as it may be inferred from defendant's contention that all evidence should be excluded because defendant's arrest was illegal and that his statement must be excluded as the fruit of an illegal arrest.

There is no merit to defendant's first assignment of error. He rested at the close of the State's case, and consequently produced no proof to rebut the State's evidence which is fairly conclusive of his guilt.

Defendant, whose name is Marden A. Mayes, cashed a $10 check payable to M. A. Mayes, dated February 22, 1967, and purportedly executed by one Ilona Tway, Tway Van & Storage, for expenses at an Omaha bar. He had been employed by Tway Van & Storage Company, operated by Iola G. Tway, for approximately 3 weeks, but terminated his employment January 28, 1967. Two bartenders from other bars in the vicinity of the bar in question testified defendant had earlier attempted to

cash a similar check in their respective bars but they had refused to cash it.

The check in question was cashed before 7 a.m. on February 22, 1967, and deposited in the bank on which it was drawn sometime after noon. Defendant was arrested on February 23, 1967. The check was returned by the bank through the United States mail. There are three dates stamped on the back of the check, with the endorsements: February 23, February 24, and February 27. The evidence is undisputed that defendant was arrested without a warrant on February 23, 1967, and that a police officer, investigating the alleged uttering of a forged instrument at the bar in question, talked to defendant about the check on the morning of February 24, 1967. This officer fully advised defendant of his constitutional rights, and thereafter defendant voluntarily admitted writing and passing the check at the bar in question.

Defendant's printed brief is entirely premised on the theory that his arrest on February 23, 1967, was illegal and that the record reflects no evidence of a crime previous to February 27, 1967. The only reasonable inference from the record is that probable cause existed on February 23, the date of defendant's arrest, and that he was specifically interrogated as to the specific crime on the morning of February 24. Defendant argues: "Nowhere in the record is there any evidence that a crime was suspected until after February 27. (Which, as suggested above, is erroneous.) The arrest was consequently illegal and the alleged oral confession of Defendant should have been excluded pursuant to the ruling in Wong Sun v. United States, 341 (371) U. S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441."

Assuming, for the sake of argument, an illegal arrest, evidentiary admissions are not ipso facto tainted by it. In United States v. McGavic, 337 F. 2d 317, certoriari denied 380 U. S. 933, 85 S. Ct. 940, 13 L. Ed. 2d 821, the trial court ruled the arrest illegal, ruling out certain

physical evidence obtained by the illegal search, but admitting certain statements given by the defendant some 2½ hours after his arrest. In that case, the court, commenting on the "poisonous tree" doctrine in Wong Sun v. United States, 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441, stated: "In the Wong Sun case the statements of Toy made simultaneously with the illegal arrest and the unsigned confession of Wong Sun made several days thereafter are at opposite ends of the pole in considering the fruit of the poisonous tree. Between these two extremes there is a line, on one side of which the fruit is contaminated by the illegal arrest, and on the other side of which the taint has been dissipated. Where this line shall be drawn is a question of fact to be determined in each case. In our case the district judge found that the statements of the appellant were not contaminated by the illegal arrest and, applying the rule of evidence on admissions against interest, permitted agent Dickerson to give testimony of the statements now in question.

"Considering all of the facts and circumstances of this case, we conclude that the factual finding of the district judge was not clearly erroneous and that there *there* was no error in the admission of this testimony."

In any event, the issue of illegal arrest was not raised or presented in the trial court but is raised for the first time in this court. For a question of constitutionality to be considered in this court, it must be previously raised in the trial court. If it is not raised in the trial court, it may not be considered in this court. State v. Schwade, 177 Neb. 844, 131 N. W. 2d 421.

What we stated in State v. Erving, 180 Neb. 824, 146 N. W. 2d 216, is pertinent herein: "The defendant's contention that his arrest was illegal is based upon the absence of a showing in the record rather than an affirmative showing that grounds for his arrest did not exist. The legality of the arrest was not an issue in the case until the appeal to this court. Under such circumstances this court will not assume that probable cause

for the arrest of the defendant did not exist at the time it was made. * * * It is unnecessary to consider further the defendant's contention that the arrest in some way made the statements inadmissible." There is no merit to defendant's second assignment of error.

Defendant on his own prepared and filed a supplementary typewritten brief, raising two issues not covered in the printed brief, neither of which is argued but merely stated in conclusional form. The first concerns exhibit 2, a similar check cashed by the defendant at another bar, and dated February 21, 1967. This evidence was produced for the sole purpose of showing intent, and was clearly admissible. See State v. Rich, *ante* p. 128, 158 N. W. 2d 533, in which we held: "Evidence of another crime, similar to that charged, is relevant and admissible if it tends to prove a particular criminal intent which is necessary to constitute the crime charged."

Defendant's second conclusional statement is that an excessive sentence was imposed upon him. Defendant was sentenced to a term of 7 years in the Nebraska Penal and Correctional Complex, and ordered to pay a fine of $1 and costs of prosecution. Section 28-601, R. R. S. 1943, under which he was prosecuted, provides for a penalty of 1 to 20 years and a fine not exceeding $500. The record on sentencing indicates that the defendant was a recidivist with seven prior felony convictions. The sentence imposed was well within the limitation provided by the statute.

Where the punishment of an offense created by statute is left to the discretion of the trial court within prescribed limits, a sentence imposed within those limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Escamilla, 182 Neb. 466, 155 N. W. 2d 344. The sentence imposed was well within the limits set by the statute, and under the circumstances herein more on the side of leniency than might be justified by defendant's record.

We find no error in the record and the judgment is affirmed.

AFFIRMED.