STATE OF NEBRASKA, APPELLEE, V. RONALD E. YOUNG,
APPELLANT.

208 N. W. 2d 267

Filed June 8, 1973. No. 38679.

Donald R. Hays, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant, Ronald E. Young, was found guilty by a jury on two counts, one of delivery and the other of possession of cocaine, a controlled substance. The defendant received a 5-year sentence on the delivery count and a 1-year sentence on the possession count, the sentences to run concurrently. We affirm the judgment and sentences.

In the early evening of January 29, 1972, an undercover agent of the drug control division of the Nebraska State Patrol entered a house on North 60th Street in Lincoln, Nebraska. The agent had a body transmitter taped to his chest. Police officers in a nearby patrol car were monitoring and tape recording the transmissions. They were also maintaining surveillance of the rear of the house. The front of the house and part of one side were under the surveillance of another police officer.

The undercover agent, upon entering the house, asked to purchase some "coke" or cocaine. The police officers monitoring the transmitted conversation could identify only the voice of the undercover agent, although they identified both voices as being male voices. For $40 the agent received a small cellophane bag containing a white powder. After 5 minutes in the house, the agent came out and went directly to the car of the state patrol investigator and turned the bag over to him. Three police officers then approached the rear of the house and two police officers went to the front door and gained entrance to the house. Upon entering, the officers found three people present in the house, the defendant, Ronald E. Young, his wife, and a small child.

Inspector Larsen placed the defendant under arrest, searched his person, and seized the belongings found in his pockets. Among these items were three $20 bills. One of them bore the serial number of a $20 bill furnished to the undercover agent on the morning of the purchase. The main floor of the house was checked at that time for the presence of other persons and permission to search the premises was requested of the defendant. When he refused, a search warrant was obtained from the Lancaster county court. A search of the premises was then made including the upstairs, basement, and garage.

One of the items seized in the search of the house was a thermos bottle which was in the refrigerator. The

thermos bottle contained cocaine and formed the basis for the possession count. The cellophane bag purchased by the undercover agent also contained cocaine.

The defendant's primary contentions center upon the claim that the evidence was circumstantial and insufficient to sustain the guilty verdict. To some degree, defendant's claims are grounded upon the fact that the undercover agent was not called by the State, and when called by the defendant as a witness, was not able to positively identify the defendant as the person from whom he had purchased the cocaine. On cross-examination, however, he testified that "Mr. Young" was the only man he saw when he entered the house.

While much of the evidence is circumstantial, it was clearly more than sufficient to go to the jury. The test of the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt. State v. Morgan, 187 Neb. 706, 193 N. W. 2d 742. The circumstantial evidence in this case was overwhelming. It would require a vivid imagination and a fairy tale background to conjure up an explanation of the facts which would produce even a ghostly image of innocence for the defendant.

The defendant also asserts that the testimony of the officers as to the transmitted conversation they overheard was hearsay and inadmissible. The testimony was not offered to prove the truth of any factual statements overheard but only that the conversation took place. Ordinarily the hearsay rule does not operate to exclude evidence of a statement, request, or message offered for the mere purpose of proving the fact that the statement request, or message was made or delivered, where such occurrence establishes a fact in issue or circumstantially bears on such a fact. See State v. Goings, 184 Neb. 81, 165 N. W. 2d 366. It

should be noted here also that the statements overheard established a part of the probable cause for the defendant's arrest.

The defendant likewise contends that exhibit 1, a letter addressed to "Ron" and containing instructions and prices with respect to various drugs tended to establish the defendant's guilt of other crimes and was therefore irrelevant and inadmissible. The defendant relies upon the general rule that evidence of other crimes than that with which the accused is charged is not admissible in a criminal prosecution. In State v. Casados, 188 Neb. 91, 195 N. W. 2d 210, after stating the general rule, we said: "Evidence of other crimes, similar to that charged, is relevant and admissible when it tends to prove a particular criminal intent which is necessary to constitute the crime charged. * * * In many instances, courts have limited such evidence to proof of prior similar acts. * * * In any event, proof of another distinct substantive crime is not admissible in a criminal prosecution unless there is some legal connection between the two upon which it can be said that one tends to establish the other or some essential fact in issue." Here the requisite legal connection is transparent. Exhibit 1 suggests that the defendant was actively engaged in drug traffic. It was relevant to establish the necessary knowledge and intent for the specific crimes with which he was charged.

Finally, the defendant asserts that he was prejudiced because the tape recording of the conversation with the undercover agent was not available at trial and not introduced. At the preliminary hearing, the court had ordered the state patrol investigator to make the tape available to counsel for the defendant. The record indicates that the tape was not available or introduced because the voice recording was poor quality and the tape was later used for other purposes. Exactly how or why the tape was erased is not shown. We do not condone the conduct of the investigator in destroying

the tape or permitting it to be destroyed, whatever the circumstances may have been. Evidence must be carefully preserved and the confusion and carelessness apparent in this case might well have been critical or even fatal to the prosecution under other circumstances.

The defendant contends that the destruction of the tape recording deprived him of the opportunity of proving the defense of entrapment. Where a person has no previous intent or purpose to violate the law but does so only because persuaded or induced to commit the act by law enforcement agents, he is entitled to the defense of unlawful entrapment because the law as a matter of policy forbids a conviction. On the other hand, where a person already has the readiness or willingness to violate the law, the mere fact that an officer provides what appears to be a favorable opportunity for such violation, or merely seeks to collect evidence of the offense, does not constitute unlawful entrapment and is no defense. State v. Smith, 187 Neb. 511, 192 N. W. 2d 158.

In this case only 5 minutes were required for the undercover agent to complete the purchase. The undercover agent who was one of the parties to the conversation testified about it. The police officers who monitored the transmission testified to the conversation they heard and the destroyed tape was only cumulative evidence. The absence of the tape under these circumstances, while it may have been a violation of the court's order, was not prejudicial to any right or defense of the defendant. If the evidence had been in conflict or if the taped recording were the only direct evidence available, the absence of the tape might well have been critical but that is not the case. The facts here fall far short of establishing any reasonable basis upon which a defense of unlawful entrapment might rest.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.