STATE OF NEBRASKA, APPELLEE, V. CHARLES RAY, APPELLANT.
217 N. W. 2d 176

Filed April 25, 1974. No. 39225.

T. Clement Gaughan and Dennis R. Keefe, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for forgery. The assignments of error relate to the sufficiency of the evidence to sustain the conviction and the admission of evidence concerning an earlier crime.

The record shows that on May 16, 1973, the defendant wrote out and cashed a check for $20 drawn on the account of Randra Lou Hopken. The defendant admitted that he had written Miss Hopken's name on the check but claimed she had authorized him to do so. Miss Hopken testified she had not authorized the defendant to sign her name to any check. A book of blank checks on her account had been taken from her apartment by the defendant without her knowledge or consent. The evidence presented a question for the jury and was clearly sufficient to support the finding of guilty.

The State produced evidence the defendant had written three checks on the account of Robert E. Turner with the permission of Turner on March 14, 1973, and had obtained merchandise and cash for the checks. The defendant and Turner had then divided the money received in change from two of the checks. The State was allowed to prove over objection that as a result of the transaction with Turner the defendant had pleaded guilty to issuing an insufficient-fund check with intent to defraud.

An intent to defraud is an element of the crime of forgery. § 28-601, R. S. Supp., 1972. The charge arising out of the Turner check transaction also involved an intent to defraud. It was an offense involving a check drawn on the account of another person with fraudulent intent and had taken place about 60 days previous to the crime charged in this case. Evidence of similar offenses is admissible where an element of the crime charged is motive, criminal intent, or guilty knowledge. State v. Swiney, 179 Neb. 230, 137 N. W. 2d 808. See,

also, State v. Mayes, 183 Neb. 165, 159 N. W. 2d 203.

In Turpit v. State, 154 Neb. 385, 48 N. W. 2d 83, the following statement was quoted with approval from I Wharton's Criminal Evidence (11th Ed.), § 350, p. 520: " 'Testimony of other similar offenses has been admitted to show intent where there is or may be, from the evidence, an inference of mistake, accident, want of guilty knowledge, lawful purpose or innocent intent. Where an act is equivocal in its nature, and may be criminal or honest according to the intent with which it is done, then other acts of the defendant, and his conduct on other occasions, may be shown in order to disclose the mastering purpose of the alleged criminal act.' "

The evidence concerning the Turner checks including the defendant's guilty plea tended to show fraudulent intent and an absence of mistake, accident, or lawful purpose. It was within the discretion of the District Court to admit the evidence relating to the insufficient-fund check charge.

The judgment is affirmed.

AFFIRMED.