STATE OF NEBRASKA, APPELLEE, V. JUNEAL DALE PRATT,
APPELLANT.

249 N. W. 2d 500

Filed January 19, 1977. No. 40554.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and REAGAN, District Judge.

WHITE, C. J.

The defendant was charged with assault with intent to inflict great bodily injury and found guilty as charged by a jury. The District Court sentenced the defendant to a term of 3 to 5 years imprisonment in the Nebraska Penal and Correctional Complex, such term to be served consecutively to sentences imposed upon the defendant for other crimes of which he was convicted. See, State v. Pratt, *ante* p. 382, 249 N. W. 2d 495. The defendant appeals his conviction and sentence. We affirm the judgment and sentence of the District Court.

The factual background of this case is as follows: On September 3, 1975, the defendant was taken from the maximum security area of the Douglas County jail to the Douglas County Hospital for X-rays. The defendant was transported by deputy sheriff John J. Markise. At

the hospital, deputy Markise was advised that the defendant's handcuffs and leg irons would have to be removed. Deputy Markise followed the defendant into a dressing room, where he first removed the defendant's handcuffs and then proceeded to remove the defendant's leg irons. Deputy Markise had removed the right one, and was proceeding to remove the left one, when he was struck at least twice on the head by the defendant with a metal object. After being struck Markise attempted to pull the defendant off balance with the remaining leg iron and a scuffle ensued. Cries for help by Markise brought others to the scene, and the defendant was removed. That same day, X-rays were taken of Markise' head and 10 stitches were required. Markise missed about a month and a half of work as a result of his injuries.

The defendant's version of the incident was that he and Markise had an argument concerning the removal of the leg irons; that Markise got mad and yanked his feet out from under him; and that he then struck Markise.

At his trial, the defendant contended that he acted in self-defense. On appeal, the defendant alleges error in the instructions on self-defense given by the District Court, because, he asserts, that it is mandatory that the court give NJI No. 14.33 (1975 pocket part).

The test for jury instructions stated in State v. Ralls, 192 Neb. 621, 223 N. W. 2d 432 (1974), is as follows: "All instructions must be read together and if the instruction or instructions, taken as a whole, correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error."

Instruction No. 10, and instruction No. 4 in part, dealt with self-defense. We have examined these instructions and find that, taken together, they correctly stated the law on self-defense as applicable to the facts of this case, adequately covered the issues, and did not mislead the jury. That being the case, there can be no prejudicial

error based upon giving these instructions, rather than NJI No. 14.33 (1975 pocket part).

The defendant also contends that his sentence is excessive. The defendant's crime carried a maximum sentence of 20 years. § 28-413, R. R. S. 1943. He was sentenced to a term of 3 to 5 years, which is within the statutory limits, and as such will not be disturbed on appeal absent an abuse of discretion. State v. Williams, 196 Neb. 834, 246 N. W. 2d 480 (1976). The District Court also directed that the sentence be served consecutively to sentences imposed upon the defendant for other crimes he was convicted of. The action of the District Court in directing that sentences be served consecutively will not be disturbed on appeal absent an abuse of discretion. State v. Chapple, *ante* p. 4, 246 N. W. 2d 714 (1976).

The presentence report shows that prior to this incident the defendant had been arrested on 76 separate charges in a 5½-year period. The charges are varied and include: Suspicion of rape, destruction of property, burglary, assault and battery, carrying a concealed weapon, receiving stolen property, willful reckless driving, and resisting arrest. We find no abuse by the District Court in either the sentence it imposed upon the defendant, or in its directions that the sentence be served consecutively to other sentences imposed upon the defendant.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.