STATE OF NEBRASKA, APPELLEE, v. JUNEAL DALE PRATT, APPELLANT.

249 N. W. 2d 495

Filed January 19, 1977. No. 40553.

Frank B. Morrisson and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and REAGAN, District Judge.

WHITE, C. J.

The defendant was charged with, and found guilty by a jury of, sodomy, forcible rape, and two counts of robbery. The District Court sentenced the defendant to a term of 5 to 10 years imprisonment in the Nebraska Penal and Correctional Complex on the sodomy count, 7 to 20 years on the rape count, and 10 to 30 years on each robbery count; and directed that these sentences be served consecutively to each other and consecutively to a 3 to 5 year term imposed upon the defendant for an unrelated conviction. See State v. Pratt, *post* p. 390, 249 N. W. 2d 500. The defendant appeals his conviction and sentences. We affirm the judgment and sentences of the District Court.

The defendant brings four assignments of error on appeal. His first contention is that the District Court committed error when it sustained an objection to an inquiry by the defendant's attorney into the recent sexual history of the rape victim.

At the trial, Dr. Robert Penn testified that he examined the rape victim, the prosecutrix, at the Nebraska University Hospital in the early morning hours of August 2, 1975, shortly after the rape occurred. He found tenderness and viscous secretions in the walls of her sexual organs. A microscopic examination of the secretions revealed the presence of nonmotile sperm. Dr. Penn testified that nonmotile sperm can be observed from 2 to 24 hours after sexual intercourse, and that even healthy males ejaculate some nonmotile sperm. Dr. Penn offered his opinion that the prosecutrix had engaged in sexual intercourse within a 12-hour period prior to his examination.

During cross-examination of the rape victim, the prosecutrix, the defendant's attorney asked: "How long before that incident was it between the last time you had sexual intercourse —." The prosecution objected on the ground that such inquiry was irrelevant, and the court sustained the objection. The defense was then given permission to argue, and the jury was excused. The defendant's attorney argued that he was attempting to explain the presence of nonmotile sperm found in the vagina of the rape victim shortly after the rape allegedly occurred. Again, the court sustained the objection.

In support of his contention, the defendant cites Sherrick v. State, 157 Neb. 623, 61 N. W. 2d 358 (1953); and Frank v. State, 150 Neb. 745, 35 N. W. 2d 816 (1949). We have reviewed these cases and find them inapplicable to the case at hand.

In Sherrick v. State, *supra,* the court held: "* * * in cases wherein defendant is charged with rape or assault with intent to commit rape of a female child under 15 years of age whose consent is immaterial, prose-

cutrix cannot ordinarily be cross-examined with regard to previous unchaste acts with others for the purpose of testing her credibility."

In Frank v. State, *supra,* the court, citing Redmon v. State, 150 Neb. 62, 33 N. W. 2d 349 (1948), held that the trial court committed prejudicial error when it sustained the State's objections to, and overruled the defendant's offer to prove by direct evidence, specific unchaste or immoral ,acts and conduct by the plaintiff with others. The court held: "* * * it was also prejudicial error to exclude any direct competent evidence not too remote in time, showing specific immoral or unchaste acts and conduct by her with others, not only for the purpose of being considered by the jury in deciding the weight and credibility of her testimony generally, but for the purpose of inferring the probability of consent and discrediting her testimony relating to force or violence used by defendant in accomplishing his purpose and her claimed resistance thereto."

The defendant was charged with forcible rape. He did not dispute at the trial the fact that the prosecutrix was raped. His sole defense to the prosecution was that he was elsewhere when these crimes were committed, and thus could not have been the perpetrator of these crimes. The rape victim's reputation for truth and veracity was not at issue, nor was her consent, nor was her testimony concerning force and violence used against her at issue. There was no issue concerning her chastity, or lack of chastity, or her motive for testifying.

Under these circumstances, the defense counsel's inquiry into the rape victim's recent past sexual conduct was totally irrelevant. The District Court was correct in sustaining the prosecution's objection to this inquiry.

The defendant next contends that the District Court committed reversible error when it overruled defense objections to the rebuttal testimony of Karla Ailayala. Miss Ailayala testified that on August 10, 1975, about 8 days after the crime committed against the prosecutrix

and her sister took place, she was assaulted and robbed in an elevator by a person whom she identified as the defendant, at the Imperial 400 Motel in Omaha, Nebraska, the location of the offenses herein.

The defendant argues that Miss Ailayala's testimony violated this court's decisions forbidding evidence of one offense to show commission of another. In State v. Siers, *ante* p. 51, 248 N. W. 2d 1 (1976), the applicable rule is stated: "Evidence of other crimes, similar to that charged, is relevant and admissible when it tends to prove a particular criminal intent which is necessary to constitute the crime charged or where there is some legal connection between the two upon which it can be said that one tends to establish the other or some essential fact in issue."

In State v. Ray, 191 Neb. 702, 217 N. W. 2d 176 (1974), we held: "Evidence of similar offenses is admissible where an element of the crime charged is motive, criminal intent, or guilty knowledge." See, also, State v. Franklin, 194 Neb. 630, 234 N. W. 2d 610 (1975); State v. Young, 190 Neb. 325, 208 N. W. 2d 267 (1973); State v. Mayes, 183 Neb. 165, 159 N. W. 2d 203 (1968).

The defendant was charged with two counts of robbery. Intent is an element of these crimes. The testimony was proper, going to the question of intent, motive, and knowledge.

The defendant argues that Miss Ailayala's testimony was improper rebuttal testimony. Section 29-2016(4), R. R. S. 1943, provides that after the State has produced its evidence and the defendant has produced his evidence, "the state will then be confined to rebutting evidence unless the court for good reason in furtherance of justice, shall permit it to offer evidence in chief." In State v. Keith, 189 Neb. 536, 203 N. W. 2d 500 (1973), we held: "The trial court may in its discretion permit the introduction of evidence in rebuttal that is not strictly rebuttal evidence." See, also, State v. Howard, 184 Neb. 461, 168 N. W. 2d 370 (1969); Hampton v. State, 148 Neb.

574, 28 N. W. 2d 322 (1947). The record shows that at the beginning of the trial, the prosecution was not sure whether it could locate Miss Ailayala in time to testify. The prosecutor had just found out which town she was in and was trying to locate her. The State rested its case on October 29, 1975, and the defense rested its case the same day. Miss Ailayala was the second rebuttal witness. She had just arrived in Omaha that day, after being first contacted by the prosecution the previous day. Additionally, the record indicates that the court had previously informed the defendant, prior to trial, of the possibility of this evidence coming in. Under the facts of this case, we find no error by the District Court in permitting Miss Ailayala to testify as a rebuttal witness.

The defendant points out that Miss Ailayala was not endorsed on the information. § 29-1602, R. R. S. 1943. What we had to say in Griffith v. State, 157 Neb. 448, 59 N. W. 2d 701 (1953), disposes of this contention: "The defendant bases a contention of prejudicial error at the trial on the fact that two witnesses were called by the State and gave rebuttal testimony without their names being endorsed on the information. It has long been the rule in this state that the requirement that the names of the witnesses for the state must be endorsed upon the information has no application to rebuttal witnesses." See, also, Rains v. State, 173 Neb. 586, 114 N. W. 2d 399 (1962); Ossenkop v. State, 86 Neb. 539, 126 N. W. 72 (1910); Clements v. State, 80 Neb. 313, 114 N. W. 271 (1907).

The defendant next contends that the District Court committed reversible error in overruling the defendant's motions to suppress, and overruling his objections to the in-court identification testimony of the prosecutrix, her sister, and Miss Ailayala. On the basis of United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967), the defendant argues that these in-court identifications should have been excluded. In

United States v. Wade, *supra,* the Supreme Court set up a rule to exclude courtroom identifications based upon post-indictment line-ups without notice to, and in the absence of, the accused's counsel. In this case, both the prosecutrix, her sister, and Miss Ailayala viewed the defendant in a line-up, *before* he was charged with a crime. Furthermore, both the prosecutrix, her sister, and Miss Ailayala testified that their in-court identifications of the defendant as their attacker was based upon their recollection and observations of the defendant, other than the line-up identification. There is no merit to the defendant's contention. The District Court was correct in admitting these in-court identifications into evidence.

Lastly, the defendant contends that his sentence is excessive. The defendant was convicted of sodomy, a crime carrying a maximum sentence of 20 years, section 28-919, R. R. S. 1943, and received a sentence of 5 to 10 years. He was convicted of rape, a crime carrying a maximum sentence of 50 years, former section 28-408, R. S. Supp., 1974, and received a sentence of 7 to 20 years. He was convicted of two counts of robbery, a crime carrying a maximum penalty of 50 years, section 28-414, R. R. S. 1943, and received a sentence of 10 to 30 years on each count. The District Court directed that each of these sentences be served consecutively, which means that the defendant will serve a minimum of 32 years, and a maximum of 90 years. In addition, the sentences in this case are to be served consecutively to a 3 to 5 year sentence imposed upon the defendant for a separate crime of which he was convicted. See State v. Pratt, *supra.*

Each of the defendant's sentences is within the prescribed statutory limits, and as such will not be disturbed on appeal absent an abuse of discretion. State v. Gillham, 196 Neb. 563, 244 N. W. 2d 177 (1976). The action of the District Court in directing that the sentences be served consecutively will not be disturbed on

appeal absent an abuse of discretion. State v. Chapple, *ante* p. 4, 246 N. W. 2d 714 (1976).

The presentence report discloses that the defendant was 20 years old at the time these offenses were committed. Between April 26, 1970, and August 11, 1975, the defendant was arrested on 76 charges. The offenses for which he was arrested varied and include: Suspicion of rape, petit larceny, suspicion of auto theft, destruction of property, burglary, assault and battery, carrying a concealed weapon, receiving stolen property, willful reckless driving, and resisting arrest, plus a variety of traffic violations. The presentence report shows that the defendant has little concern for the person and property of others. Despite repeated encounters with law enforcement authorities, he has refused to alter his course of conduct.

The fact that a sentence may be harsh does not mean that it is necessarily excessive. The lengthy incarceration, 32 to 90 years, which the defendant faces is the direct result of the multiplicity of offenses which the defendant committed. We find no abuse of discretion by the District Court in sentencing.

The judgment and sentences of the District Court are correct and are affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.

REAGAN, District Judge, dissenting.

Although I agree the convictions of the defendant should be affirmed, I do not believe consecutive sentences should have been imposed for the two counts of robbery. The robbery of the two sisters involved a single transaction, and a double penalty by the way of consecutive sentences is not justified. I would modify the judgment of the District Court by providing the sentences imposed on the two robbery counts should run concurrently, principally for the reasons enunciated by the dissent in State v. Chapple, *ante* p. 4, 246 N. W. 2d 714 (1976).