Algeroy A. ROZELL,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections,
Respondent-Appellee.

No. 76–3442

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 20, 1977.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

George A. Scharmen, II, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Austin, Tex., Clinton E. Averitte, Asst. Atty. Gen., Lubbock, Tex., Gilbert J. Pena, Asst. Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Joe B. Dibrell, Chief Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Algeroy A. Rozell was convicted, as a principal, for the forcible rape of his wife. Rozell held his wife, while the alleged co-principal had sexual intercourse with her. Rozell's state conviction was affirmed in *Rozell v. State,* 502 S.W.2d 16 (Tex.Cr.App. 1973).

After exhausting his state remedies, Rozell petitioned the federal district court for habeas corpus pursuant to 28 U.S.C. § 2254. Rozell argued that the state trial court erred in not permitting cross-examination of the prosecutrix concerning specific acts of sexual intercourse with others than the alleged co-principal, asserting this ruling to be a violation of the Sixth Amendment. The district court found no error of constitutional proportions, and hence denied habeas corpus. We affirm.

Whether specific acts of unchastity are allowed into evidence is a matter of state evidentiary procedure and would not ordinarily present a federal constitutional issue necessary for § 2254 relief. *Spencer v. Texas,* 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; *Bell v. Estelle,* 5 Cir., 1975, 525 F.2d 656. Nevertheless, if the prohibition against inquiring into prior sexual acts of the prosecutrix would deprive the appellant of his Sixth Amendment right to confront his accusers, then a proper § 2254 issue is present.

The Supreme Court has applied a functional analysis, examining the particular procedural setting of each case, in determining whether the interests underlying the confrontation clause are paramount to those underlying a state evidentiary rule. *See Davis v. Alaska,* 1974, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (defendant's right to expose a witness' possible bias has priority to a state evidentiary rule prohibiting exposure of a juvenile's probationary status); *Smith v. Illinois,* 1968, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (unconstitutional to prohibit the defendant from asking the principal prosecution witness his correct name or residence). *Cf. Illinois v. Allen,* 1970, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (constitutionally permissible to exclude a disruptive defendant from the courtroom).

This case presents a procedural setting in which the state's interests embodied in its evidentiary rule outweigh the interests supporting the confrontation clause. Inquiring into prior particular sexual acts might raise collateral issues not pertinent to

the determination of guilt. The probative value of such an inquiry may be outweighed by the probability of confusing the jury. Whether this is the case is an issue best left to state determination and not appropriate for federal habeas corpus. Such a ruling is not in variance with the purpose of the confrontation clause to advance the accuracy of the truth determining process. *Dutton v. Evans,* 1970, 400 U.S. 74, 89, 91 S.Ct. 210, 27 L.Ed.2d 213.

Accordingly, no right of federal constitutional dimensions has been violated. The judgment of the district court denying habeas corpus relief is AFFIRMED.