UNITED STATES of America, Appellee,

v.

William Cleveland IVORY, aka William H. Jackson, Appellant.

No. 77–1552.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 6, 1977.

Decided Oct. 12, 1977.

Robert A. Hampe, St. Louis, Mo., for appellant.

Barry A. Short, U. S. Atty. and Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

William Cleveland Ivory was convicted of bank robbery in violation of 18 U.S.C. § 2113(a), (d), (e). On appeal he contends that pre-trial identification procedures were improperly suggestive and tainted an in-court identification by a government witness. We affirm.

On April 14, 1977, Ivory, wearing a hat, sunglasses, and a false beard and mustache, entered the Mercantile Commerce Trust Company in St. Louis, Missouri, informed a bank teller, Ms. Karen Faust, that he was robbing the bank, and showed a gun. He was given approximately $13,000. Upon leaving, he forced the teller to drive him away in her car. After driving for a few minutes they stopped at the end of a dead end street and the police took Ivory into custody. After returning to the bank briefly, Ms. Faust was taken to the police station where she saw Ivory and watched as the police removed his disguise.

Ivory challenges the admission of Ms. Faust's testimony concerning her pre-trial identification of him as the individual who robbed the Trust Company and abducted her, as well as her in-court identification, arguing that the police station identification procedure was unnecessarily suggestive and that Ms. Faust's in-court identification was tainted thereby. He contends that she identified only the man from whom the police removed the disguise at the station house, rather than the man who abducted her. We disagree.

Even an unnecessarily suggestive identification procedure will not violate due process so as to require exclusion of identification testimony, if under the totality of the circumstances, the identification was reliable. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Factors pertinent to an assessment of reliability are the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and length of time between the crime and the confrontation. *Neil v. Biggers, supra* at 199–200, 93 S.Ct. 375.

Ms. Faust spent 45 minutes with Ivory; he was sitting in front of her desk for at least five minutes, during which time she tried to study him carefully. Although the record does not reveal her description of Ivory prior to the confrontation at the station, she gave a detailed and accurate description at trial which was similar to that given by the police officer who took Ivory into custody. The witness stated that she recognized Ivory, when he was still wearing his disguise, as the man who had abducted her and that she was able to identify him by his facial features, with or without the disguise. The confrontation occurred within a few hours after commission of the crime.

The circumstances surrounding the confrontation make the likelihood of misidentification extremely slight. Ivory was taken into custody near the scene of the robbery and police officers testified that he was in continuous custody until the time of the confrontation. The district court found that these facts provided a separate basis for identifying Ivory as the perpetrator of the robbery even if Ms. Faust's identification testimony were excluded. We agree.

We find no error in admission of the identification testimony, and accordingly affirm the judgment below.