**Juneal Dale PRATT, Appellant,**

v.

**Robert F. PARRATT, Warden, Nebraska Penal and Correctional Complex, Appellee.**

No. 79–1679.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1980.

Decided Feb. 19, 1980.

P. Diane Webb, American Indian Center of Omaha, Inc., Omaha, Neb., for appellant.

Marilyn B. Hutchinson, Asst. Atty. Gen., Lincoln, Neb. (argued) and Paul L. Douglas, Atty. Gen., Lincoln, Neb., on brief, for appellee.

Before LAY, Chief Judge, STEPHENSON, Circuit Judge, and THOMAS,* Senior District Judge.

LAY, Chief Judge.

Juneal Dale Pratt was convicted after a jury trial of sodomy, rape and two counts of robbery in 1975. His conviction was affirmed by the Nebraska Supreme Court in *State v. Pratt*, 197 Neb. 382, 249 N.W.2d 495 (1977). In 1977 he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the same issues that were considered on direct appeal. The district court denied issuance of the writ and this appeal followed.

Pratt argues: (1) He was denied his right to confrontation at his trial; (2) in-court identifications by the two victims and a prosecution rebuttal witness should have been excluded by the trial court as tainted by an impermissibly suggestive lineup and showup; (3) his sentence constitutes cruel and unusual punishment; and (4) the above errors deprived him of due process of law.[1]

■ Pratt's first argument, that he was denied his right to confrontation, is derived from a trial court ruling prohibiting him from inquiring into the prior sexual conduct of the rape victim. He contends the trial court improperly relied upon the new Nebraska Sexual Assault Statute for its ruling, while he was tried under the old statute. Although the reason for the ruling was not articulated by the trial court, it is clear that the evidence was irrelevant.[2] We agree with the district court that a defendant has no constitutional right to inquire into irrelevant matters. *See Rozell v. Estelle*, 554 F.2d 229 (5th Cir.), *cert. denied*, 434 U.S. 942, 98 S.Ct. 437, 54 L.Ed.2d 303 (1977).

Pratt was identified by the two victims in a three man lineup conducted approximately one week after the crimes occurred. Applying the factors set out in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) for determining the admissibility of identification testimony, Pratt argues the lineup was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Id.* at 104, 97 S.Ct. at 2247.

■ The crimes occurred in an elevator and a room at the Imperial 400 Motel in Omaha over the course of two hours. The areas were well-lighted, and the two victims had ample opportunity to view their assailant. Pratt was placed in a lineup one week later with two other black males, each of whom wore an item of clothing similar to that worn by the person described by the

---

* Daniel H. Thomas, Senior District Judge, Southern District of Alabama, sitting by designation.

1. In his brief Pratt also argues he was denied the right to counsel at a pretrial lineup. At oral argument, however, it was conceded he had not been entitled to counsel because the lineups occurred before charges were filed. *See Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

2. Pratt's defense was that he was elsewhere when the crime was committed.

victims as their assailant. Each victim viewed the lineup separately, and both identified Pratt; one of them also identified a ring Pratt was wearing as the one stolen from her at the time of the crimes. At Pratt's trial both testified that their in-court identifications were based upon their observations on the night of the crime. Under these circumstances, we agree with the district court that the lineup was not impermissibly suggestive and the identifications were sufficiently reliable. *See Manson v. Brathwaite*, 432 U.S. at 114, 97 S.Ct. at 2253; *United States v. Ivory*, 563 F.2d 887, 888 (8th Cir. 1977).

Pratt also contends the prosecution rebuttal witness' identification was tainted by an impermissibly suggestive showup. Ms. Ailayala was the victim of a robbery in an elevator at the Imperial 400 Motel a few days after the rape-robbery occurred. Pratt was apprehended near the scene of the crime shortly thereafter, and Ms. Ailayala identified him in a showup approximately five hours after the robbery. Her testimony was introduced as evidence of a similar offense to show intent, motive and knowledge. *See State v. Pratt*, 197 Neb. at 386, 249 N.W.2d at 498.

■ One man showups have been criticized as "inherently suggestive and a practice to be avoided when a line-up procedure is readily available." *United States v. Sanders*, 547 F.2d 1037, 1040 (8th Cir. 1976), *cert. denied*, 431 U.S. 956, 97 S.Ct. 2679, 53 L.Ed.2d 273 (1977); *see Manson v. Brathwaite*, 432 U.S. at 104, 97 S.Ct. at 2247. However, evidence of a showup without more does not violate due process; the test is whether under the totality of the circumstances the identification was reliable. *See United States v. Sanders*, 547 F.2d at 1040–41; *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

■ In the instant case, although Ms. Ailayala's encounter with her assailant was brief, it was in a well-lighted area, and she gave a very accurate and detailed description of him. The showup occurred only five hours later and she felt certain of her identification of Pratt as her assailant. She testified that her in-court identification was based upon her recollection of her assailant at the time of the robbery. Under these circumstances, we find the identification was reliable. However, assuming the court erred in permitting the in-court identification, the error was harmless. The evidence was cumulative to the two victims' strong in-court identification of Pratt, and the identification did not directly relate to the crimes for which Pratt was being tried.

■ Pratt's contention that his sentence constitutes cruel and unusual punishment is without merit. The Nebraska Supreme Court held on direct appeal that Pratt's sentence, imposed under the old law, is within that prescribed by statute. *See State v. Pratt*, 197 Neb. at 388–89, 249 N.W.2d at 499. Since the crimes for which Pratt was convicted were committed prior to the effective date of the new sexual assault statute, he was properly sentenced under the law. *See State v. Crisp*, 195 Neb. 833, 241 N.W.2d 129 (1976). *See also Niemann v. Parratt*, 596 F.2d 316 (8th Cir. 1979) (state sentencing rules ordinarily do not present cognizable issues in habeas corpus proceedings unless exceptional circumstances are present; state court is accorded great discretion in interpreting its own laws).

Finally, Pratt argues the above errors deprived him of due process of law. Having rejected all of his contentions, we find no merit to this argument.

The judgment of the district court is affirmed.