**Andrew Lee HARRIS, Appellant,**

v.

**Donald W. WYRICK, Appellee.**

**No. 80–1880.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 9, 1981.

Decided March 20, 1981.

Andrew F. Puzder, St. Louis, Mo., for appellant Andrew Lee Harris.

John Ashcroft, Atty. Gen., Jerry Short, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Andrew Lee Harris was convicted after trial by jury in a Missouri state court of first degree robbery by means of a dangerous and deadly weapon. On appeal, the Missouri Court of Appeals affirmed. *State v. Harris*, 571 S.W.2d 443 (Mo.App.1978). The appeals court denied a motion for rehearing or transfer to the Missouri Supreme Court. Harris subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition was denied by the district court[1] based on the Report and Memorandum of a federal magistrate.[2] This appeal followed.

Harris raises two issues: (1) that the pretrial identification procedure used in his case was impermissibly suggestive, and (2) that his right to trial by jury chosen from a fair cross-section of the community was violated through the exclusion of women under the Missouri jury selection system. We affirm.

On January 25, 1975, Isaac Guyton was robbed at knife-point by four persons whom he had voluntarily allowed into his apartment. Guyton testified that he knew one of the persons to be Doris Johnson, to whom he had earlier lent money. Guyton was told by the group to lie on the floor and was threatened with a knife by one of the robbers who demanded money. Upon telling them that he had no money, Guyton was bound, and a pillowcase was placed over his head. This all happened one or two minutes after the robbers entered Guyton's apartment. After hearing them leave, Guyton successfully untied himself. He then went to his front door and noticed one of the group loading clothing into a blue 1967 Pontiac with a damaged front left fender. Guyton telephoned the police and told them on their arrival that one of the

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri.

robbers was Doris Johnson. He also described the other persons, the goods taken, and the damaged Pontiac. Shortly thereafter, police stopped a car matching the description given by Guyton about half a mile from the scene of the robbery. The four occupants of the car were placed under arrest and taken to the police station, where Guyton was asked to identify suspects in the robbery. There was testimony by Guyton that the police summoned him to the station with the words, "we got the man that robbed you."

At the police station, Guyton viewed all four of the people arrested as they sat in one room. The police apparently made no attempt to locate others similar in appearance to defendant Harris or the other suspects. Also, some of the recovered property was placed on a table in the same room with the suspects. The confrontation occurred at about 10:55 p. m., a little more than an hour after the robbery. Guyton positively identified Harris as one of the participants in the robbery. Harris was wearing a jacket that had been in Guyton's apartment.

■ Due process requires us to suppress the pretrial identification if, under the totality of the circumstances, the confrontation procedure "was so unnecessarily suggestive and conducive to irreparable mistaken identification" as to be fundamentally unfair to the defendant. *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). We have previously disapproved as unnecessarily suggestive confrontation procedures similar to those employed in this case. See *Pratt v. Parratt*, 615 F.2d 486 (8th Cir. 1980); *Sanchell v. Parratt*, 530 F.2d 286 (8th Cir. 1976). Here, the magistrate found no circumstances which might have rendered use of such pretrial identification procedures necessary and therefore found them unnecessarily suggestive.[3] We agree.

■ Evidence of suggestive confrontation procedures, however, without more,

does not require a holding that the Due Process Clause of the Fourteenth Amendment has been violated. *Pratt v. Parratt, supra*, 615 F.2d at 488; see *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). As we stated in *United States v. Anderson*, 618 F.2d 487, 491 (8th Cir. 1980), "[t]he central question is whether under the 'totality of the circumstances' the identification was reliable even though the procedure was suggestive." See *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers, supra*. We noted further that the factors to be considered in evaluating the likelihood of mistaken identification include "the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *United States v. Anderson, supra*, 618 F.2d at 491–92, citing *Neil v. Biggers, supra*.

■ Applying the above factors to this case, we find that the identification was sufficiently reliable. The victim, Isaac Guyton, testified that he was able to see the robber for one to two minutes in a well-lighted room before the pillowcase was placed over his head. He was only about three feet from the robber at the time, and his attention was focused on the robber's face. Guyton described accurately and in detail the robbers' car, Doris Johnson, the other suspects, and the items taken from the apartment. At the police station, he was positive in his identification of Harris as one of the robbers. Finally, the identification of the defendant occurred no more than an hour after the robbery. On these facts, the likelihood of mistaken identification was not sufficiently substantial to warrant setting aside the verdict of the jury.

■ Defendant Harris next argues that his right to trial by a jury selected from a fair cross-section of the community

---

3. The magistrate noted several factors indicating the suggestiveness of the pretrial identification. These included: (1) the police told the victim, Isaac Guyton, that they had the man who robbed him; (2) the confrontation took place in a room that contained the four suspects, including one whom Guyton knew, and some of the stolen property; and (3) the defendant Harris was wearing a blue jacket that belonged to the victim's brother.

was violated through the exclusion of women. This contention is without merit. Harris relies on *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), which declared the Missouri jury-selection system unconstitutional because of its systematic exclusion of women. Harris overlooks, however, an important element in establishing a prima facie violation of the fair-cross-section requirement.[4] As stated by the Supreme Court in *Duren v. Missouri, supra,* "in order to establish a prima facie case, it was necessary for petitioner to show that the underrepresentation of women, generally and *on his venire,* was due to their systematic exclusion in the jury-selection process." 439 U.S. at 366, 99 S.Ct. at 669 (emphasis added).

There was no underrepresentation of women on Harris's venire. On the first panel of eighteen jurors, thirteen were women. The second panel contained twelve women out of seventeen jurors. The trial jury itself consisted of eleven women and one man. Harris was not prejudiced by the Missouri jury selection system.

Affirmed.

---

4. To establish a prima facie case, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).