Thomas A. LOGAN, Petitioner,

v.

R. C. MARSHALL, Supt., Respondent.

Civ. A. No. C81–1141A.

United States District Court,
N. D. Ohio, E. D.

Sept. 18, 1981.

**4**

J. Dean Carro, Appellate Review Office, School of Law, University of Akron, Akron, Ohio, for petitioner.

Dain Deveny, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## ORDER

CONTIE, District Judge.

Petitioner, Thomas A. Logan, initiated this action pursuant to 28 U.S.C. § 2254 for habeas corpus relief. This Court referred the instant action to the United States Magistrate for his report and recommended disposition thereof. The Magistrate filed same on August 27, 1981, and recommended that an evidentiary hearing was not necessary under the criteria of 28 U.S.C. § 2254(d) and that petitioner's application for habeas corpus should be denied.

Upon consideration of the Magistrate's Report and Recommendation and upon independent review of the trial transcript, the memorandums of law submitted by petitioner and respondent and petitioner's objections to the Magistrate's report, the Court concludes that an evidentiary hearing is unnecessary and that petitioner's application for habeas corpus should be denied.

## BACKGROUND

Petitioner was found guilty of one count of rape, one count of kidnapping, one count of furnishing a controlled substance to a minor and one count of carrying a concealed weapon. With the exception of the charge of furnishing a controlled substance to a minor, all of the charges against the petitioner arose from a single transaction. Petitioner allegedly forced the victim to walk down an alley at knife-point and then raped her. This act occurred in broad daylight and the trial record reveals that the petitioner and the victim were acquaintances.

Upon conviction by the jury, the Court of Common Pleas, Summit County, sentenced the petitioner to consecutive terms of seven to twenty-five years for rape and five to ten years for kidnapping. The Common Pleas Court imposed concurrent sentences of five to fifteen years for furnishing drugs to a minor and three to ten years for carrying a concealed weapon.

The Summit County Court of Appeals, Ninth Judicial District, affirmed petitioner's conviction. *State v. Logan*, No. 8956 (9th Dist. 1978). The Supreme Court of Ohio reversed petitioner's conviction for kidnapping on the grounds that the rape and kidnapping constituted allied offenses. *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979).

## PETITIONER'S CLAIM FOR RELIEF

Petitioner now seeks habeas corpus relief from this Court. It should be noted that the petitioner challenges only his conviction for rape in this proceeding. The petitioner sets forth the following grounds for relief:

That petitioner's rights to present a defense and to confront witnesses, as guaranteed by the Sixth and Fourteenth Amendments, were violated by the exclusion of testimony concerning the presence of gonorrhea in the prosecuting witness, the alleged victim under authority of Ohio's rape shield statute O.R.C. § 2907.-02(D).

The relevant section of Ohio's rape shield law, O.R.C. § 2907.02(D) provides as follows:

(D) Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

Petitioner evidently does not challenge the constitutionality of the Ohio "rape shield" statute but rather its application in this case.

5

All that is involved in this action is an evidentiary ruling by a state trial court judge. It is not this Court's function to supervise the courts of the state of Ohio. It is a well-established rule that state court rulings on the admission or exclusion of evidence "... may not be questioned in a federal habeas corpus proceeding, unless they render the trial so fundamentally unfair as to constitute a denial of federal rights." *Gillihan v. Rodriguez*, 551 F.2d 1182, 1193 (10th Cir.) *cert. denied* 434 U.S. 845, 98 S.Ct. 148, 54 L.Ed.2d 111 (1977). *See also Bell v. Arn*, 536 F.2d 123 (6th Cir. 1976).

This Court's duty, therefore, is not to determine whether the exclusion of the evidence by the trial judge was correct or incorrect under state law, but rather whether such exclusion rendered petitioner's trial so fundamentally unfair as to constitute a denial of federal constitutional rights. *Berard v. Stoneman*, 428 F.Supp. 516, 522 (D.Vt.1977).

The petitioner's first constitutional claim is that he was prevented from presenting a defense by the exclusion of evidence of venereal disease. The defense which petitioner now alleges that he wished to present at trial is as follows:

1. That the alleged victim had venereal disease at the time of the rape.
2. That the petitioner did not have venereal disease after the rape.
3. That medical statistics would show that there was a 25% probability that a man who had intercourse one time with a woman infected with venereal disease would contract the disease.

Thus, petitioner contends that the evidence of venereal disease in the victim was relevant to his defense that he did not rape her.

However, it is clear that this defense was never presented to the trial court. At the pre-trial hearing held for the specific purpose of determining what evidence would be admissible under the "rape shield" statute, the petitioner's counsel never offered proof that the defendant did not have venereal disease or the statistical proof which

they now rely on. They did seek to introduce evidence that the victim had venereal disease at the time of the attack but failed to state the relevance of such evidence. Petitioner now claims that the relevance of such evidence was clear from the record.

The transcript of the pre-trial conference on admissibility of evidence under the rape-shield statute indicates the line of cross-examination which the defense wished to take:

*Mr. Henretta*: (Defense counsel): The questions we wished to ask the victim, prior to the date of the alleged occurrence, when did she last engage in sexual activity?

. . . . .

With whom, how many parties were involved. We have questions directed to her regularity of her menstrual cycle. We have questions directed to her use in the past of any contraceptive protective devices such as pills, prophylactics, and uterine devices. Questions directed to whether or not she on previous occasions was aware if and when semen was injected into her. If so, did she attempt to wash it out by the douche method.

. . . . .

The question was whether or not she had ever offered her body for hire. Whether she was approached by a black man and offered to be a prostitute for him, and whether or not she worked for a pimp, whether or not she had sexual relations with a black man, whether or not she ever participated in any oral or anal sex with a black man, and how many times, whether or not she ever had a child born to her, whether or not she had ever had an abortion, whether or not she ever accused anyone of rape before, whether or not she ever accused a member of the same sex of making sexual advances toward her, whether or not she ever participated in a homosexual relationship, whether or not she has ever been treated for or contracted venereal disease.

Trial transcript at 20–22.

The trial judge ruled questions relating to the origin of semen admissible and held

the balance of the questions inadmissible after defense counsel failed to show materiality. The trial judge then specifically addressed the venereal disease question:

THE COURT: What would be the point of venereal disease coming into the case at all?

MR. PAIGE (Defense counsel): The origin of it.

. . . . .

THE COURT: The Court has asked them and they have indicated nothing to show that it might be material.

. . . . .

MR. KIRKWOOD (District Attorney): The state's position is that it is immaterial and therefore we do not intend to ask any questions concerning its existence whatsoever.

THE COURT: Does the defense have any response to that?

MR. PAIGE: We are objecting to the whole line of inquiry. They are attempting to limit cross-examination.

Trial transcript at pp. 29–30.

It is clear from the list of questions offered by defense counsel and the objections to the exclusion of the evidence concerning venereal disease that such evidence was to be used to impeach the credibility of the victim by references to her sexual history. The exclusion of such evidence is within the discretion of the trial judge. *Oliphant v. Koehler,* 594 F.2d 547 (6th Cir.), *cert. denied,* 444 U.S. 877, 100 S.Ct. 162, 62 L.Ed.2d 105 (1979).

The petitioner was not denied a constitutional right to raise a defense in light of the fact that defense counsel bypassed several opportunities to inform the trial judge of the proposed relevance of the evidence.

The petitioner's second constitutional claim is closely related to the first claim of being denied an opportunity to present a defense. The petitioner claims that the exclusion of evidence violated his Sixth Amendment right to confront witnesses. Petitioner now claims that the evidence of venereal disease was not intended for impeachment purposes but rather for the purposes of presenting a new defense. As previously noted, the Court finds the opposite to be true; that the evidence was intended for impeachment purposes.

The petitioner's reliance on *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) is misplaced. In that case, the United States Supreme Court held that refusal to allow cross-examination of a prosecution witness to show his probation status and possible bias as a result was a denial of defendant's constitutional right to confront witnesses.

 Two points should be noted. First, *Davis* places a heavy emphasis on cross-examination as the cornerstone of the right to confront witnesses. Second, the evidence excluded in *Davis* was highly relevant. In the present case, the petitioner does not complain of being denied an opportunity to cross-examine the witness but rather that they could not confront the witness with evidence of venereal disease. The Court cannot agree with this distinction as it is clear that defense counsel's objection to the exclusion of the evidence was that it would "limit cross-examination." Trial transcript at p. 30. Also, whereas the problem in *Davis* was to balance a state policy shielding juveniles against the defendant's right to cross-examination with regard to *relevant* evidence, the problem in the present case involves the exclusion of irrelevant evidence. The long list of questions regarding the victims past sexual history was simply immaterial to the issues in the case. *Davis v. Alaska* does not stand for the proposition that the Sixth Amendment requires a trial court to admit every piece of evidence proffered by the defendant. The defendant has no Sixth Amendment right to confront a witness with irrelevant evidence.

The precise issue of whether the limitation of cross-examination of a rape victim violated the Sixth Amendment was presented in *Rozell v. Estelle,* 554 F.2d 229 (5th Cir.), *cert. denied,* 434 U.S. 942, 98 S.Ct. 437, 54 L.Ed.2d 303 (1977). In that case, the petitioner was convicted of the forcible rape

of his wife. He argued that the state trial court erred in not permitting cross-examination of the prosecuting witness concerning specific acts of intercourse with others than the petitioner, and therefore violated the confrontation clause of the Sixth Amendment. The Fifth Circuit noted the general rule that evidentiary rulings by a state trial court are generally not an appropriate basis for federal habeas corpus relief and then held that "... no right of federal constitutional dimensions has been violated." 554 F.2d at 231. Similarly, in *Pratt v. Parratt*, 615 F.2d 486 (8th Cir.), cert. denied 449 U.S. 852, 101 S.Ct. 143, 66 L.Ed.2d 64 (1980), the Eighth Circuit held that the petitioner's right to confrontation was not violated by a trial court ruling prohibiting him from inquiring into the prior sexual conduct of the rape victim. The *Pratt* court found such evidence to be clearly irrelevant and stated that "... a defendant has no constitutional right to inquire into irrelevant matters." *Id.* at 487.

This Court finds that the petitioner was not unconstitutionally denied an opportunity to present a defense or confront witnesses. Even if the trial court erred in excluding the evidence of venereal disease and despite the fact that the defense now advanced by the petitioner was never offered at trial, the Court finds that any error was harmless beyond a reasonable doubt. The evidence which the petitioner now states he would have offered is of little or no probative value and is greatly outweighed by the evidence of petitioner's guilt in the record.

The Court further finds that no evidentiary hearing is necessary and that the petitioner's grounds for relief are without merit. Accordingly, the instant petition is hereby denied and this action shall be dismissed.

IT IS SO ORDERED.