UNITED STATES of America, Appellee,

v.

**Stanford HADLEY, Appellant.**

No. 81–2005.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1982.

Decided Feb. 24, 1982.

Rehearing Denied March 23, 1982.

Gray & Ritter, Thomas C. DeVoto, argued, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U. S. Atty., Larry D. Hale, Asst. U. S. Atty., argued, St. Louis, Mo., for appellee.

Before HENLEY, Circuit Judge, GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HENLEY, Circuit Judge.

Appellant Stanford Hadley appeals from a judgment of conviction on charges stemming from the robbery of the New Age Federal Savings and Loan Association (New Age S & L) in St. Louis, Missouri. He was convicted of the April 6, 1981 robbery in violation of 18 U.S.C. § 2113(a) and (d), and was sentenced to twenty-five years in a federal penal institution.

Appellant raises four alleged errors: (1) that the district court [1] erred in refusing to suppress both in-court and out-of-court identifications, in violation of his fifth, sixth and fourteenth amendment rights; (2) that the district court erred in refusing his proposed jury instructions on the issue of identification; (3) that the district court erred in admitting into evidence a certificate of insurance and a cancelled check; and (4) that the district court erred in failing to dismiss the federal prosecution as violative of the double jeopardy clause of the fifth amendment and of the government's prosecution policy.

We affirm.

New Age S & L was robbed by a person wearing a white scarf around his head and a dark coat. The robber was first observed moving from one teller's customer line to another. Teller Bertha Baught's attention was specifically caught when a person in her line, who later proved to be the robber, picked up an envelope which had been left by a customer and returned it to the customer.

When the robber reached teller Rosalind Norment's window, he displayed a gun tucked under his shirt while handing her a demand note and paper bag. He subsequently left the institution with $2,160.00. As he walked out of the building he was observed by the head teller and by the guard. The guard and the robber exchanged shots outside the building.

The robber then escaped in a dark-colored vehicle. An off-duty policeman, Alfred Brown, heard the shots and turned his pri-

vate vehicle to follow the dark car. The ensuing high-speed chase ended in an alley when the robber stopped and was arrested by Brown.

On-duty police officers arrived shortly thereafter. They rearrested appellant, who proved to be the man stopped by Brown. A search of appellant's car at this time yielded a brown paper bag containing $2,160.00 and a robbery note. Under the front seat the officers also found a white piece of cloth and an off-white rag or handkerchief.

The arresting officers immediately telephoned to New Age S & L to arrange for a show-up identification by witnesses who had seen the robber. The show-up, as arranged, occurred within an hour of the robbery. Four witnesses identified appellant through the windows of the institution as he stood in handcuffs, surrounded by police. The witnesses viewed appellant collectively. At this time, he was not wearing a coat or any headgear. These same four witnesses also identified appellant as the robber at trial.

Appellant's primary defenses in district court were those of misidentification and the use of impermissibly suggestive identification procedures.

Appellant objects to the show-up identifications primarily on the ground that the procedure violated his fifth amendment due process rights. Construing his brief and his oral argument broadly, we consider several arguments which allegedly arise from the facts of the case. First, appellant asserts that the show-up identifications were per se unconstitutional because the more reliable procedure of a line-up was available. If the show-up evidence is not subject to a per se exclusionary rule, he argues in the alternative that the burden shifts to the government to demonstrate the reliability of its identification procedure when a show-up is used rather than a line-up, and that the show-up here was so unreliable as to be unconstitutional.

The first argument for a per se exclusionary rule is foreclosed by *Manson v. Brath-*

---

1. The Honorable James H. Meredith, United States Senior District Judge, Eastern District of Missouri.

*waite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). There, in the context of a single-photograph identification, the Supreme Court rejected the application of a per se exclusionary rule where evidence had been obtained by a police procedure which was both unnecessary and suggestive. *Id.* at 112–13, 97 S.Ct. at 2251–2252. The Court held instead that reliability is the linchpin in determining the admissibility of identification evidence. *Id.* at 114, 97 S.Ct. at 2253.

■ The reasoning of *Brathwaite* governs our approach to the present show-up identifications. We acknowledge that show-ups are inherently suggestive and ordinarily cannot be condoned when a line-up procedure is readily available.[2] *Pratt v. Parratt*, 615 F.2d 486, 488 (8th Cir.), *cert. denied*, 449 U.S. 852, 101 S.Ct. 143, 66 L.Ed.2d 64 (1980); *United States v. Goodlow*, 500 F.2d 954, 955 n.1 (8th Cir. 1974). Nevertheless, suggestive procedures, without more, do not require a holding that the due process clause has been violated. *Manson v. Brathwaite, supra*, 432 U.S. at 114, 97 S.Ct. at 2253; *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972); *Harris v. Wyrick*, 644 F.2d 710, 712 (8th Cir. 1981); *United States v. Anderson*, 618 F.2d 487, 491 (8th Cir. 1980). The central questions are whether, in the "totality of the circumstances," the identification was reliable even though the procedure was suggestive, *Manson v. Brathwaite, supra*, 432 U.S. at 113, 97 S.Ct. at 2252, and whether there is a "very substantial likelihood of irreparable misidentification." *Id.* at 116, 97 S.Ct. at 2253, citing *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). *See also Harris v. Wyrick, supra*, 644 F.2d at 712.

Appellant argues that the government had the burden of demonstrating the reliability of the show-up, and that this burden was not discharged under the factors set forth in *Manson v. Brathwaite, supra*, and *Neil v. Biggers, supra*, 409 U.S. at 199–200, 93 S.Ct. at 382. Appellant refers us to no

pertinent cases in support of the contention that the government bears the burden of proof. This court, without deciding the issue, has acknowledged a conflict of authority as to whether the same burden of proof attaches in due process challenges to identification testimony as in right to counsel cases. *Sanchell v. Parratt*, 530 F.2d 286, 294 & n.5 (8th Cir. 1976). For purposes of the present appeal, however, it is unnecessary to decide the issue. The show-up identifications here were unquestionably reliable, regardless of the burden of proof on the matter.

■ In assessing reliability, we consider such factors as the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. *Neil v. Biggers, supra*, 409 U.S. at 199–200, 93 S.Ct. at 382. Here, all four identifying witnesses had ample opportunity to view the robber in a well-lighted setting. Two tellers observed appellant in their lines before their perceptions were clouded by the excitement of the subsequent robbery. The attention of all of the witnesses was drawn to appellant due to his unusual headgear. All were certain in their identifications, which occurred within an hour of the crime.

Against these factors we weigh the corrupting effect of the somewhat suggestive identification itself. *Manson v. Brathwaite, supra*, 432 U.S. at 114, 97 S.Ct. at 2253. The show-up here was admittedly suggestive in that it was preceded by a report to the institution that the robber had been caught, in the presentation of the appellant in handcuffs surrounded by police officers, and in the collective viewing by witnesses. Despite these deficiencies, however, we cannot say that there is a "very substantial likelihood of misidentification." *Id.* at 116, 97 S.Ct. at 2253.

---

**2.** We note that here there was no emergency to compel an immediate identification by show-up. *Cf. Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). On the other hand, the record reveals no bad faith or excessive zeal on the part of the police. The government states that the police wished to ascertain quickly whether they had captured the right person or whether they should continue their search while the trail was still fresh.

In retrospect, it is easy to say that it might have been better if the questionable identification procedure had been avoided. Nevertheless, the defect, if any, is not one of constitutional dimension, but rather one which goes to the weight and not the admissibility of the evidence. *United States v. Anderson, supra,* 618 F.2d at 492. We note that the trial court in fact encouraged the jury to give careful scrutiny to the show-up identifications by instructing the jury that such identifications are less reliable.[3] And we observe also that the totality of the circumstances points undeniably to appellant as the perpetrator of the robbery.

■ Since we conclude that the show-up identifications pass constitutional muster, we do not consider the further argument that the witnesses' in-court identifications were the "poisonous fruit" of tainted out-of-court procedures. We also reject appellant's contention that the show-up violated his sixth amendment right to counsel. The show-up occurred before charges were filed and before the government committed itself to prosecute. *See Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Pratt v. Parratt, supra,* 615 F.2d at 487 n.1; *Sanchell v. Parratt, supra,* 530 F.2d at 290 n.2.

■ Finally, so far as identification is concerned, we find no abuse of discretion in the trial court's refusal of appellant's proposed jury instructions on the issue of identification. The court gave a lengthy identification instruction which more than adequately submitted the issue to the jury. *United States v. Semaan,* 594 F.2d 1215 (8th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2413, 60 L.Ed.2d 1070 (1979).

Appellant next argues that the district court erred in admitting into evidence a certificate of insurance carried on New Age S & L, and a cancelled check drawn on the Bank of St. Louis representing payment of insurance. These items were offered by the government to show, as an essential element of the crime charged, that the institution was federally insured. The certificate of insurance and the cancelled check were identified by Dr. A. C. Phillips, the president of New Age S & L.

■ Appellant contends that the documents were not properly authenticated and that the documents were inadmissible as hearsay. These contentions are meritless in view of Dr. Phillips' testimony. Authentication by testimony of a witness with personal knowledge is sufficient to support a finding that the documents in question are what the proponent claims. Fed.R.Evid. 901(a) and (b). *See also* Fed.R.Evid. 803(6); 803(24). There was no real question that the documents were genuine or that the institution was federally insured.

■ Appellant's other allegation of error merits only brief mention. Under the doctrine of separate sovereignty, simultaneous state and federal prosecutions involving the same criminal act do not violate the double jeopardy clause. *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *see also Watts v. United States,* 422 U.S. 1032, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975). Appellant's assertion of rights under the "Petite Policy" of the Department of Justice, which disfavors federal prosecution in certain circumstances of state prosecution, is unavailing. *See Petite v. United States,* 361 U.S. 529, 531, 80 S.Ct. 450, 451, 4 L.Ed.2d 490 (1960). The Justice Department's policy confers no substantive rights on appellant in the circumstances of this case, where the government does not urge its application and where the state prosecution was not completed prior to appellant's federal conviction. *Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *Delay v. United States,* 602 F.2d 173, 176–78 (8th Cir. 1979), *cert. denied,* 444 U.S. 1012, 100 S.Ct. 660, 62 L.Ed.2d 641 (1980).

From what has been said, it follows that the judgment of conviction should be, and it is, affirmed.

---

3. The court's instruction was as follows:

You may also take into account that an identification made by picking the defendant out of a group of similar individuals is generally more reliable than one which results from the presentation of the defendant alone to the witness.