UNITED STATES of America, ex rel. Farrell SHEPHERD, Appellant,

v.

Donald WYRICK, Warden, Appellee.

No. 82–8009.

United States Court of Appeals, Eighth Circuit.

Submitted March 26, 1982.

Decided April 2, 1982.

Frederick M. Steiger, St. Louis, Mo., for appellee.

John Ashcroft, Atty. Gen. and Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Farrell Shepherd appeals from the district court's[1] December 31, 1981 order which denied his petition for habeas corpus relief under 28 U.S.C. § 2254. We affirm.

On December 18, 1981, Magistrate Bahn, after conducting an evidentiary hearing,[2] filed a memorandum which recommended that Shepherd's section 2254 petition be denied. On December 31, 1981, Judge Meredith entered an order which adopted Magistrate Bahn's review and recommendation and, accordingly, denied section 2254 relief. Judge Meredith denied Shepherd's subsequent application for a certificate of probable cause as frivolous but allowed him to appeal in forma pauperis. Shepherd filed a timely notice of appeal on January 8, 1982.

Shepherd claims that women were improperly excluded from the grand and criminal trial juries in St. Louis where he was tried and convicted of statutory rape under Missouri law in 1975. In his application for a certificate of probable cause, Shepherd asserted that such a certificate should be granted because he was denied: (1) his right to a fair and impartial jury because the exclusion of women from his panel denied him a jury drawn from a fair cross-section of the community in violation of *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); and (2) due process and equal protection under the law because of the exclusion of women from the grand jury which indicted him. Therefore, Shepherd is appealing only these issues which relate to an allegedly unconstitutional systematic exclusion of women from St. Louis city grand and criminal trial juries.[3]

*Duren v. Missouri, supra*, 439 U.S. at 364, 99 S.Ct. at 668, held that in order to establish a prima facie violation of the Constitution's fair cross-section requirement, it must be shown that: (1) the group alleged to be excluded is a distinctive group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) this underrepresentation is due to systematic exclusion of the group in the jury selection process. *Duren* involved a state prosecution in Jackson County, Missouri. In 1970, fifty-four percent of Jackson County's adult inhabitants were women and the Supreme Court, after analyzing relevant facts and data, held that "systematic exclusion of women that results in jury venires averaging less than 15% female violates the Constitution's fair-cross-section requirement." *Id.* at 360, 99 S.Ct. at 666.

An important element in establishing a prima facie violation of the fair-cross-section requirement is that the petitioner must show that "the underrepresentation of women, generally and *on his venire*, was due to their systematic exclusion in the jury-selection process." *Harris v. Wyrick*, 644 F.2d 710, 713 (8th Cir. 1981) (quoting *Duren v. Missouri, supra*, 439 U.S. at 366, 99 S.Ct. at 669) (emphasis in original). This court, in denying section 2254 relief in *Harris*, concluded:

---

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

2. Shepherd was represented by appointed counsel at the hearing.

3. In specifying only the jury exclusion claims, Shepherd abandoned his contention, rejected by the district court, that his trial counsel in the 1975 state trial was ineffective because he did not object to the admission of Shepherd's prior conviction at the state criminal trial.

There was no underrepresentation of women on Harris's venire. On the first panel of eighteen jurors, thirteen were women. The second panel contained twelve women out of seventeen jurors. The trial jury itself consisted of eleven women and one man. Harris was not prejudiced by the Missouri jury selection system.

*Id.* at 713.

St. Louis Jury Commissioner John P. Barrett[4] testified that the 1975 jury records for St. Louis were destroyed in a fire which occurred on March 20, 1975.[5] Therefore, the precise jury records for Shepherd's 1975 state criminal trial in St. Louis are now unavailable. Nevertheless, Barrett testified that the percentage of females versus males summoned for jury service has been consistent since 1970: generally 51–52% of the jurors summoned and who actually appear at the courthouse for jury duty on a typical Monday morning are women.

Barrett further testified that despite the existence of a Missouri constitutional provision and statute which permitted automatic exemptions for women,[6] women were never given automatic exemptions from jury service in St. Louis solely because they were female. Barrett consistently stated that exemptions were never given on the basis of gender and that prospective St. Louis jurors were never notified that Missouri law then permitted females to opt out of jury service.[7]

Barrett also testified that, in St. Louis, the summoned jurors would all report to a main juror room in the courthouse on a typical Monday morning. After that, the jurors would be parceled out to the various individual courtrooms. Barrett also read into evidence 1977 juror statistics which, for example, indicated that for one week in January of 1977, 318 women and 282 men were called while 173 women and 182 men actually served. Although the numbers varied for each week, Barrett testified that the variance was not significant.

Despite the fact that the official 1975 St. Louis jury records were destroyed, the particular statistics for Shepherd's state criminal trial are known and consequently were made part of the record.[8] Thirty-five percent of the actual venire from which Shepherd's jury was selected were women and five of the twelve jurors (41.7%) which were selected and subsequently convicted Shepherd were female. When asked why a selection pool of jurors brought over from the main room for a specific trial would be only 35% female, Barrett testified that such a percentage would be the "luck of the draw."

 Shepherd did not attempt to dispute Barrett's testimony and, indeed, Barrett's testimony was convincing. Barrett candidly admitted that he ignored Missouri law by failing to allow automatic exemptions from St. Louis jury service for women. The percentage of female jurors generally summoned in St. Louis (51–52%) is not significantly out of line with the general 1970 census figure that 57% of all persons age twenty-one and over in St. Louis were women. Moreover, the percentage of females in Shepherd's particular case (35% of the venire and 41.7% of the actual jury panel) is not, under all the circumstances, constitutionally offensive. Finally, Barrett's uncontroverted testimony persuasive-

---

4. Barrett testified he has been St. Louis Jury Commissioner since September of 1965.

5. However, Barrett also testified that no grand jury records were destroyed in the 1975 fire.

6. Those provisions were analyzed by the Supreme Court in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

7. In Jackson County, Missouri, in contrast, questionnaires were mailed to prospective jurors which prominently gave notice that women could opt out of jury service. *Duren v. Missouri, supra*, 439 U.S. at 361–62, 99 S.Ct. at 667.

8. In *Shepherd v. State*, 612 S.W.2d 384, 385 (Mo.App.1981), the court noted that Shepherd acknowledged that there were five women on the jury in his trial and court records revealed that, of the forty names on the venire, fourteen were feminine names.

The Missouri Court of Appeals concluded that *Duren* standards were not violated in Shepherd's circumstances. *See Shepherd v. State, supra*, 612 S.W.2d at 385–86.

ly rebuts Shepherd's claim that women were ever *systematically* excluded from St. Louis jury panels.[9]

The district court correctly denied section 2254 relief. The judgment is affirmed.

Affirmed.

---

**9.** However, the record contains no statistics concerning the particular grand jury which in- dicted Shepherd.