STATE of Missouri, Respondent,

v.

Francis BERNARD, Appellant.

No. 44766.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 21, 1982.

Rehearing Denied Oct. 15, 1982.

Joseph W. Downey, Public Defender, Erica Leisenring, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted of manslaughter, a violation of § 565.005, RSMo.1978, and sentenced to six years with the Department of Corrections. He appeals raising one point of alleged trial court error. We affirm.

Defendant does not challenge the sufficiency of the evidence. The jury could have found that on March 5, 1981, the defendant killed the victim, Earl Johnson, in the City of St. Louis without justification or excuse. The defendant presented evidence the killing occurred in self-defense and lawful defense of his premises.

Defendant, a black male, age 37, was indicted by the February, 1981, term of the Grand Jury. He filed a motion to quash the indictment because blacks and women were underrepresented as grand jurors and as foreman of the grand jury and he was denied his right to a grand jury representing a fair cross section of the community.

Defendant's motion to quash the indictment was consolidated with identical motions filed in 140 other pending criminal cases in the City of St. Louis Circuit Courts. By stipulation, the evidence adduced in *State v. Payne,* 639 S.W.2d 597 (Mo.banc 1982) applied to this case as well as *State v. Baker,* 636 S.W.2d 902 (Mo.banc 1982) and the other cases. The trial court denied the motion. Defendant asserts this was error.

■ Evidence as to the composition of the August and February, 1980; February, May, August, and November, 1979; February, April, June, September, and December, 1978, grand juries was presented. No evidence was presented of either the racial or gender composition of the February, 1981, grand jury which indicted defendant. The defendant bears the burden of showing that the underrepresentation of a distinctive group exists not only generally but also on his own jury or grand jury panel. *See, Castaneda v. Partida,* 430 U.S. 482, 487, 97 S.Ct. 1272, 1276, 51 L.Ed.2d 498 (1977); *Du-*

*ren v. Missouri,* 439 U.S. 357, 366, 99 S.Ct. 664, 669, 58 L.Ed.2d 579 (1978); *Harris v. Wyrick,* 644 F.2d 710, 713 (8th Cir.1981). This he has failed to do.

Moreover, were we to assume the statistical representation on the 1978, 1979 and 1980 grand juries continued to the February, 1981, grand jury which indicted defendant, his point would be without merit as this precise contention was rejected in *State v. Baker,* 636 S.W.2d at 907–09 (Mo.banc 1982).[1]

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Had the Supreme Court held the grand jury selection process unconstitutional, then a presumption would have existed that the unconstitutional process continued. The burden would have been on the state to establish abatement. *State v. Beavers,* 591 S.W.2d 215 (Mo.App. 1979); *State v. Coleman,* 582 S.W.2d 335 (Mo. App.1979).