David EUELL, Appellant,

v.

Donald W. WYRICK, Warden, Missouri
State Penitentiary.

No. 83–1150.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 12, 1983.

Decided Aug. 17, 1983.

Thomas Scott Richardson, Jr., St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

■ David Euell, an inmate at the Missouri State Penitentiary, appeals from the district court's[1] denial of his petition for writ of habeas corpus. For reversal Euell argues that the district court erred in finding that he failed to establish a prima facie case of underrepresentation of women on the venire from which his jury was selected. We affirm the denial of the writ.

Euell was convicted of second-degree murder in St. Louis County, Missouri in 1976, and was sentenced to 30 years in prison. The procedural history of Euell's efforts to obtain post-conviction relief in state and federal courts is summarized in our prior decision, *Euell v. Wyrick*, 675 F.2d 1007 (1982). In that decision, we remanded Euell's habeas corpus proceeding to Judge

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

Hungate to hold an evidentiary hearing to determine whether women were systematically underrepresented on the venire.

At that hearing, before a magistrate, Robert Ruhland, Director of Judicial Administration for the St. Louis County Circuit Court, testified concerning the method of jury selection employed by the County in March of 1976, the time of Euell's trial. He stated that in January of 1976, approximately 100,000 potential jurors were randomly selected by computer from voter registration lists. From this master list, approximately 750 persons were randomly designated for jury service each week. Those selected received in the mail a summons for jury service and a card which listed the various exemptions from jury service under Missouri law. Ruhland further testified that prior to June of 1975, this card notified potential jurors that women could obtain an automatic exemption.[2] After June of 1975, however, the exemption for women was removed from the card as the result of the decision in *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).[3] Thus, at the time of Euell's trial, potential jurors were not notified of the exemption for women.

Ruhland further testified that at the time of Euell's trial women who appeared for jury service and who were aware of their exemption privilege, sometimes asked to be excused, and their requests were granted. He stated, however, that the women's exemption was not generally known even among attorneys.

Euell presented no evidence at the hearing regarding the percentage of women on St. Louis County jury panels or in St. Louis County as a whole. Records of the jury panel at Euell's trial revealed, from the first names, that approximately 17 of the 40 potential jurors on that panel were women. The defense exercised preemptory challenges to six of the women and three women served on the jury that heard the case.

The sixth amendment guarantee of an impartial jury in criminal trials, which is applicable to the States by virtue of the fourteenth amendment due process clause, *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), also encompasses the right to select a jury from a fair cross-section of the community. *Taylor v. Louisiana,* 419 U.S. at 530, 95 S.Ct. at 697–98. To establish a prima facie violation of the fair cross-section requirement a defendant must show:

(1) that the group alleged to be excluded is a "distinctive" group in the community;

(2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and

(3) that this underrepresentation is due to the systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979).

In this habeas proceeding the State has conceded that women are a "distinctive" group, *Taylor v. Louisiana,* 419 U.S. at 531, 95 S.Ct. at 698, and that Euell, who is a man, has standing to challenge their exclusion. *Id.* at 526, 95 S.Ct. at 695–96. It argues, however, that Euell failed to establish the second and third requirements of the *Duren* prima facie case. We agree.

To establish the second prerequisite of the *Duren* test the defendant must present statistical evidence of the percentage of

---

**2.** Article I, § 22(b) of the Missouri Constitution (1945) provided: "No citizen shall be disqualified from jury service because of sex, but the court shall excuse any woman, who requests exemption therefrom before being sworn as a juror." In *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), the Supreme Court held that this automatic exemption, which resulted in an average of less than 15% women on jury venires in the forum county, violated a criminal defendant's sixth amendment right to have his jury selected from a

"fair cross-section" of the community. *Id.* at 360, 99 S.Ct. at 667.

**3.** In *Taylor* the Court held that Louisiana's practice of excluding women from jury service unless they had filed a declaration of their desire to serve violated the sixth amendment right to a jury drawn from a fair cross-section of the community. 419 U.S. at 537, 95 S.Ct. at 701.

women in the community as a whole,[4] and the percentage of women who served on venires during the time period in which the defendant was tried. *See Duren v. Missouri,* 439 U.S. at 364–66, 99 S.Ct. at 668–69. If, after comparing the two figures, it can be said that the representation of women on the venires was not fair and reasonable, then the second requirement is satisfied.

The defendant in *Duren* showed that women comprised 54% of the adult population in his community, and that in a five-month period preceding his trial women made up only 15% of the venires. By contrast, the defendant in this case presented no statistical evidence whatsoever to show what percentage of the St. Louis County adult population is female, or what percentage of the 1976 St. Louis County venires were women. No evidence was presented on the issue, but both parties assumed in their briefs that women comprised approximately 50% of the population in St. Louis County. This figure, however, was of no help in establishing an underrepresentation of women, because there were no statistics of the actual number of women who served on venires against which it could be compared. Euell failed to meet his burden of establishing that women were not fairly and reasonably represented on St. Louis County venires at the time of his trial.

The Supreme Court has stated that to meet the third requirement of the *Duren* test the defendant must show that "the underrepresentation of women *in general and on his venire,* was due to their systematic exclusion in the jury selection process." *Id.* at 366, 99 S.Ct. at 669 (emphasis added). We could end our inquiry by stating that Euell has failed to prove a general underrepresentation of women on St. Louis County venires at the time of his trial. It is true, however, that he has not established that women were underrepresented on his own venire. We cannot say that a venire of 40 with 17 women, approximately 42.5%, demonstrates underrepresentation. In *United States ex rel. Shepherd v. Wyrick,* 675 F.2d 161, 163 (8th Cir.1982) we found that a venire of 35% women in the St. Louis

city to be "not, under all the circumstances, constitutionally offensive." There was no evidence of underrepresentation due to the systematic exclusion of women in a jury selection process. There is a complete failure of proof on this third aspect of the *Duren* test.

Accordingly, the district court's denial of Euell's petition for writ of habeas corpus is affirmed.

---

4. In this case the correct group for the statistical analysis would be women 21 years of age or older, because only women within this age group are eligible for jury service. Mo.Rev. Stat. § 494.010 (1978).