# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3305

_____

United States of America,      *
     *
     Plaintiff - Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Missouri.
Johntae R. King,      *
     *
     Defendant - Appellant.      *

_____

Submitted: February 10, 1998
Filed: July 2, 1998

_____

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Johntae King appeals his convictions for motor vehicle theft and use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 2219 and 924(c). He argues the district court[1] erred by admitting into evidence the victim's identification of King approximately one hour after her car was stolen. Concluding the identification procedures were not impermissibly suggestive, we affirm.

_____

[1]The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri.

On the morning of May 12, 1996, Shirley Ann Taylor drove her son's car from her St. Louis home at 1400 Walton to a restaurant several blocks away. En route, a brown Cadillac with tinted windows passed her car, and its occupants turned and looked at Taylor, making her nervous. She stayed behind the Cadillac, which went straight when she turned into the restaurant. As Taylor drove home, she noticed a young man sitting by himself on the steps of the residence at 1314 Walton.

When Taylor arrived at the front of her home, the Cadillac pulled alongside, blocking the driver side door, and the driver asked, "Where's Charlie? Does he live over there?" Taylor refused to say where Charlie lived but agreed to call him. The Cadillac pulled in front of Taylor's car, and she got out. As she reached back for her purse, she saw the man who had been sitting on the steps down the street running towards her. He came up to her from behind -- so close that Taylor "could have kissed him" -- put a gun in her side, and demanded her car keys. He fired the gun towards Taylor's foot, shoved her to the ground, grabbed the keys, and drove away in her car, followed by the Cadillac.

Taylor called 911, and the police responded. She described her assailant as a young, medium built, dark-skinned African-American wearing a blue-hooded sweatshirt and carrying a nine millimeter handgun. Detective Thomas Rund showed Taylor thirty to sixty photos. She could not make a positive identification. Meanwhile, other police officers responded to a call that a car was being stripped at 2313-A Indiana in St. Louis. When they drove up, three persons near the car fled into a nearby apartment. After calling for backup, the officers went into the apartment, where they found four persons pretending to be asleep. The officers identified three of them as the same persons who had been near the car when the police arrived.

As he was leaving Taylor's home to search the area, Officer Rund heard over his scanner that a vehicle similar to Taylor's had been found at 2313-A Indiana. Advising Taylor her car may have been recovered, Rund drove her to the scene. Rund and

Taylor arrived at 2313-A Indiana about forty minutes after the car theft. Taylor immediately identified the Cadillac and her son's car. She stayed in the police car while Rund talked to the other officers. Rund returned and told Taylor the police would be bringing down some persons caught with the car to see if she could identify them. Taylor stayed in Rund's car, hidden by its tinted windows, while uniformed police officers lined up four handcuffed suspects thirty-five to forty-five feet from the car. No suspect stepped forward, said anything, or turned to present a profile. Taylor identified King as the gunman and two of the others as the driver and front seat passenger in the Cadillac. One year later, Taylor again unequivocally identified King at trial. As Taylor explained, "the key to me identifying him directly [was] because I saw him before he approached me on Walton, [at] 1314. He was the one they left behind to come up behind me"

King argues that Taylor's identification testimony was inadmissible because her identification of King at 2313-A Indiana shortly after the car theft was tainted by an unconstitutionally suggestive line-up and identification procedure. A crime victim's identification of the defendant is admissible unless it is based upon a pretrial confrontation between the witness and the suspect that is both "impermissibly suggestive" *and* unreliable. See Graham v. Solem, 728 F.2d 1533, 1541 (8th Cir. 1984) (en banc), applying Manson v. Brathwaite, 432 U.S. 98, 110-16 (1977). An identification is unreliable if its circumstances create "a very substantial likelihood of irreparable misidentification." Brodnicki v. City of Omaha, 75 F.3d 1261, 1265 (8th Cir.), cert. denied, 117 S. Ct. 179 (1996).

King argues it was impermissibly suggestive to bring Ms. Taylor to the scene where her son's car was found being stripped, and to ask if she could identify any of the people who ran from that scene as the persons who robbed her of the car one hour earlier. We disagree. Police officers need not limit themselves to station house line-ups when an opportunity for a quick, on-the-scene identification arises. Such identifications are essential to free innocent suspects and to inform the police if further

investigation is necessary. See United States v. Watson, 76 F.3d 4, 6-7 (1st Cir.), cert. denied, 517 U.S. 1239 (1996). "[A]bsent special elements of unfairness, prompt on-the-scene confrontations do not entail due process violations." Russell v. United States, 408 F.2d 1280, 1284 (D.C. Cir. 1969), cert. denied, 395 U.S. 928 (1969), followed in United States v. Washington, 447 F.2d 308, 311-12 (D.C. Cir. 1970). Necessary incidents of on-the-scene identifications, such as the suspects being handcuffed and in police custody, do not render the identification procedure impermissibly suggestive. See United States v. Bautista, 23 F.3d 726, 730 (2nd Cir.), cert. denied, 513 U.S. 862 (1994). Whether such factors cast doubt on the accuracy of a positive identification is an issue for the jury. See United States v. Johnson, 540 F.2d 954, 960 (8th Cir.), cert. denied, 429 U.S. 1025 (1976). We conclude that Taylor's on-the-scene identification of three of the four suspects was not the product of an impermissibly suggestive identification procedure. Therefore, the district court properly admitted her identification testimony at trial.

King also raised a sufficiency of the evidence issue but conceded at oral argument that there was sufficient evidence to convict him if Ms. Taylor's identification testimony was properly admitted. Accordingly, the judgment of the district court is affirmed.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-